Dear Mr. Miller:
In your opinion request to this office, you have stated that the Consolidated Gravity Drainage District No. 1 (District) dug or repaired many large ditches many years ago some of which had small farm bridges crossing them. You have advised that these bridges were replaced by the District after completion of the necessary drainage work. Some of these bridges are now deteriorating and the question has arisen as to whether the District has a responsibility to repair or replace them.
It is the opinion of this office that the District does not have the responsibility or authority to maintain purely private bridges which are not utilized by the public at large.
We advise that unless the repair of private bridges is somehow a legal obligation imposed on the District by virtue of its authority and responsibility to maintain drainage within its jurisdiction, such an endeavor would be unconstitutional.
We have examined all relevant statutes pertaining to drainage districts and we can find no authority which remotely authorizes or obligates a District to perform the maintenance and repair of private bridges. As you are undoubtedly aware, the general authority for all drainage districts in this State is contained in L.R.S. 38:113 which grants districts the control over all public drainage channels for a space of 100 feet on each side. This general authority is amplified by specific authority as contained in L.R.S.38:1764 and L.R.S. 38:1844. After a study of these statutes it is clear that the only authority a drainage district possesses is that which is needed to open, maintain and control drainage within its jurisdiction.
No where can we find authority which would permit a district to perform maintenance and upkeep of private bridges, or for that matter, public bridges, the latter coming within the jurisdiction of the local police jury. Indeed, if such an authority did exist it would undoubtedly run afoul of Art. XIV, Section 7(A) of the 1974 Louisiana Constitution which prohibits the donation of property or services by the State to private entities. We therefore are of the opinion that the repair and maintenance of private bridges is not within the authority of the Drainage District.
If we may be of further service in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General